IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IVAN L. MENDEZ,                      :
                                     :
          Petitioner,                :
                                     :
v.                                   :    Civil Action No. 04-1409-JJF
                                     :
THOMAS CARROLL,                      :
Warden,                              :
                                     :
          Respondent.                :

_____

Ivan L. Mendez.   Pro Se Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware
Department of Justice, Wilmington, Delaware.  Counsel for
Respondents.

_____

**MEMORANDUM OPINION**

November 30, 2005
Wilmington, Delaware

Farnan, District Judge

## I.   INTRODUCTION

Petitioner Ivan L. Mendez is an inmate in custody at the Delaware Correctional Center in Smyrna, Delaware.   Currently before the Court is Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition").   (D.I. 2.)   For the reasons discussed, the Court concludes that Petitioner's Petition is time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II.   PROCEDURAL BACKGROUND

On April 9, 2001, Petitioner entered a <u>Robinson</u> plea[1] in the Delaware Superior Court on the charges of first degree robbery pursuant to 11 Del. C. Ann. § 832, and possession of a deadly weapon during the commission of a felony pursuant to 11 Del. C. Ann. § 1447.   The Superior Court sentenced Petitioner to a total of twenty-five years at Level V incarceration, suspended after fifteen years, for ten years at Level III probation.   Petitioner appealed, and the Delaware Supreme Court affirmed his conviction and sentence.   <u>Mendez v. State</u>, 792 A.2d 189 (Table), 2002 WL 371862 (Del. Mar. 5, 2002).

---

[1]<u>Robinson v. State</u>, 291 A.2d 279 (Del. 1979)(permitting Superior Court to accept guilty plea where defendant does not admit guilt).

1

### III.  DISCUSSION

Petitioner's <u>pro</u> <u>se</u> Petition for federal habeas relief is dated October 27, 2004.  Liberally construing the Petition, Petitioner asserts five claims for relief: (1) he entered a <u>Robinson</u> plea only because he was scared when the prosecutor said the victim identified him as her assailant; (2) the state courts disregarded his letters; (3) the victim was not present at the time of the plea to identify him; (4) he is actually innocent based on witnesses who said he was not the person responsible for the crimes; and (5) his trial counsel provided ineffective assistance.  (D.I. 2.)

Respondent moves the Court to dismiss the Petition as time-barred and as procedurally barred from federal habeas review.[2] (D.I. 14.)

### A.  One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements.  <u>See</u> <u>generally</u> <u>Lindh v.</u> <u>Murphy</u>, 521 U.S. 320, 336 (1997).  The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by

---

[2]As explained in the text, the Court is dismissing the Petition as time-barred.  Thus, the Court does not reach the issue as to whether Petitioner's procedural default of these claims in the state courts precludes federal habeas review.

state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 Petition, dated October 27, 2004, is subject to the one-year limitations period contained in § 2244(d)(1).  See Lindh, 521 U.S. at 336.  Petitioner does not allege, nor can the Court discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D).  Accordingly, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), when a state prisoner appeals a state court judgment, the state court criminal judgment becomes "final," and the statute of limitations begins to run, "at the conclusion of review in the United States Supreme Court or when the [ninety-day] time [period] for seeking certiorari review expires."  Kapral v. United States, 166 F.3d 565, 575, 578 (3d

Cir. 1999); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999).

In the present case, the Delaware Supreme Court affirmed Petitioner's conviction and sentence on March 5, 2002. Petitioner's conviction became final ninety days later, on June 3, 2002.[3]

To be timely, Petitioner was required to file a Petition by June 3, 2003. See Wilson v. Beard, - F.3d -, 2005 WL 2559716, at *8 (3rd Cir. Oct. 13, 2005)(holding that Federal Rule of Civil Procedure Rule 6(a) applies to the calculation of the AEDPA's one-year limitations period). Petitioner, however, did not file a Petition until October 27, 2004.[4] Therefore, the Court concludes the Petition is time-barred, unless the limitations period can be statutorily or equitably tolled. See Jones, 195 F.3d at 158. The Court will discuss each doctrine.

---

[3]Petitioner states in his Petition that he filed papers with the United States Supreme Court. (D.I. 2, at ¶ 11(a).) However, the Court has been unable to confirm this assertion.

[4]A pro se prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). Petitioner's habeas petition is dated October 27, 2004, and presumably, he could not have presented it to prison officials for mailing any earlier than that date. As such, the Court adopts October 27, 2004 as the presumptive filing date. See Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del. 2002); Gholdson v. Snyder, 2001 WL 657722, at *3 (D. Del. May 9, 2001).

**B. Statutory Tolling**

Section 2244(d)(2) of the AEDPA specifically permits the statutory tolling of the one-year period of limitations:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The Third Circuit views a properly filed application for state post-conviction review as "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). Procedural requirements include "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000). However, a "properly filed" state post-conviction application will only toll the AEDPA's limitations period if it was filed and pending before the expiration of the AEDPA's limitations period. See Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002).

Statutory tolling is not implicated in this case because Petitioner did not properly file any state applications for post-conviction relief. Thus, the next inquiry is whether the limitations period can be equitably tolled.

## C. Equitable Tolling

It is well-settled that the AEDPA's limitations period may be subject to equitable tolling, but federal courts apply this doctrine sparingly. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998); United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998); Thomas v. Snyder, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). The one-year limitations period will be tolled "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (quoting Midgley, 142 F.3d at 179).

In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller, 145 F.3d at 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159.

6

Petitioner has not alleged, and the Court cannot discern, any extraordinary circumstances that prevented him from complying with the AEDPA's limitations period.  To the extent Petitioner made a mistake or miscalculation regarding the one-year period, such mistakes would not justify equitable tolling.  <u>See</u> <u>Simpson v. Snyder</u>, 2002 WL 1000094, at *3 (D. Del. May 14, 2002).  Thus, the Court concludes equitable tolling is not warranted in this case.  Accordingly, the Court will dismiss the Petition as time-barred.

## IV.   CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability.  <u>See</u> Third Circuit Local Appellate Rule 22.2.  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2);  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim

7

of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  <u>Id.</u>

The Court has concluded that Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is time-barred.  Reasonable jurists would not find this conclusion to be unreasonable, and therefore, the Court declines to issue a certificate of appealability.

## V.  CONCLUSION

Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied.  An appropriate Order will be entered.